```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                    02-CV-1305(JMR/FLN)
```

| | | |
|---|---|---|
| Jarvis C. Jones | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| The St. Paul Cos., Inc., | ) | |
| et al. | ) | |

Defendants seek to enjoin plaintiff's Georgia state court action. For the following reasons, the motion is denied.

I. <u>Background</u>

On June 19, 2002, plaintiff commenced suit against his former employer, The St. Paul Companies, Inc., claiming racial discrimination and defamation. In May, 2005, after three years of litigation and a ten-day trial, a jury found in favor of defendant on each claim.

Apparently disappointed by this result, plaintiff has commenced a second action. His new lawsuit, filed in Georgia state court, claims five of The St. Paul Company's current or former employees engaged in tortious interference with contractual relations, and tortious interference with prospective business relations.

Both the previous federal lawsuit and the Georgia state court action center around plaintiff's termination from The St. Paul Companies in February, 2002. All five of the Georgia defendants were deposed in the Minnesota action, and were witnesses before this Court. Plaintiff's new lawsuit is merely a plain recasting of his jury-rejected Minnesota claims.

The Court is not unsympathetic to defendants' claim that plaintiff's second lawsuit is an attack on this Court's final judgment and their efforts to enjoin the Georgia state court proceedings. They claim the Court has the authority to issue an injunction under the All Writs Act and the "relitigation" exception of the Anti-Injunction Act, 28 U.S.C. § 2283.

II. <u>Analysis</u>

The All Writs Act authorizes a federal court to "issue all writs necessary or appropriate in the aid of their respective jurisdictions." 28 U.S.C. § 1651; <u>Canady v. Allstate Ins. Co.</u>, 282 F.3d 1005, 1019 (8th Cir. 2002). A federal court's authority to enjoin a state court action is limited to circumstances falling within one of the three exceptions contained in the Anti-Injunction Act, which provides: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

According to defendants, the Anti-Injunction Act's third exception -- the "relitigation" exception -- applies here. The purpose of the relitigation exception is to:

> permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel.

<u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 147 (1988).

2

Defendants' argument touches on an area of law in which there is currently a split in the circuits. It is not altogether clear that the relitigation exception includes the full protection of res judicata. While the Eighth Circuit Court of Appeals has not squarely considered the question, defendants argue it would accept the view adopted by the Ninth Circuit, which broadly construed the exception in a fashion encompassing the entire doctrine of res judicata. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 870-71 (9th Cir. 1992).

Res judicata, if fully applied, would mean "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990). This Court has no hesitation in stating that, if the Ninth Circuit's view were adopted, it would find both claims that were raised, as well as those could have been raised, in the prior action are precluded under this doctrine. Thus, according to the Ninth Circuit's interpretation of the relitigation exception, all of plaintiff's claims are barred, including those that could have been, but were not, brought in the federal court action.

But the Ninth is not the only Circuit which has spoken to this subject. At least four circuits have adopted a narrower view of the relitigation exception, holding federal courts have no power to enjoin claims not actually litigated in the prior action. Texas Commerce Bank Nat'l Ass'n v. Florida, 138 F.3d 179, 182 (5th Cir.

3

1998); Am. Town Ctr. v. Hall 83 Assoc., 912 F.2d 104, 112 n. 2 (6th Cir. 1990); Staffer v. Bouchard Transp. Co., Inc., 878 F.2d 638, 643 (2d Cir. 1989); Delta Air Lines, Inc. v. McCoy Restaurants, Inc., 708 F.2d 582, 586 (11th Cir. 1983). This Court is of the opinion that the Eighth Circuit would adopt this more numerous and narrower view.

In Chick Kam Choo, the Supreme Court said, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." 486 U.S. at 148. And when citing Chick Kam Choo, the Eighth Circuit ruled the relitigation exception is to be narrowly construed; a district court may only enjoin the litigation of "those claims and issues that the district court has already decided." Canady, 282 F.3d at 1015 (citing Chick Kam Choo, 486 U.S. at 146). Thus, only "relitigation" can be enjoined under this exception to the Anti-Injunction Act. In this Court's view, the Eighth Circuit would restrict this Court's injunction to those claims or issues which were actually litigated in the federal action.

As the Minnesota federal lawsuit did not allege tortious interference, that claim was neither actually litigated nor decided by the federal jury. In fine, the relitigation exception does not apply, and this Court may not enjoin the Georgia state court from litigating these claims.

4

The Court is also well aware that, even when warranted, an injunction barring state court proceedings is discretionary and only granted when absolutely necessary. See Chick Kam Choo, 486 U.S. at 151; Staffer, 878 F.2d at 644. Indeed, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297 (1970). With this admonition in mind, the Court refrains from enjoining the Georgia state court proceedings. An injunction, while proper in some circumstances, does not result in a final judgment, because it would not actually dismiss the state court action. Thus, the proper forum for defendants' res judicata argument is the state court, which is "presumed competent to resolve" such matters. See Chick Kam Choo, 486 U.S. at 150.

The Court, however, would be remiss if it did not note that the Minnesota action encompassed virtually every claim which might have been raised arising from the relationship between plaintiff and his former employer and its employees. He was afforded a full, fair, and unrestricted opportunity to air those claims during a ten-day trial. This Court is confident that its Georgia sister court will analyze all of these issues in determining whether this matter may be permitted to proceed. This sincere respect for the courts of another sovereign commends this Court's decision to stay its hand.

5

III.  <u>Conclusion</u>

    For the reasons set forth above, defendants' motion to enjoin plaintiff's state court proceedings is denied.

    IT IS SO ORDERED.

Dated:  September <u>18</u>, 2006

<u>s/ James M. Rosenbaum</u><br>
JAMES M. ROSENBAUM<br>
United States Chief District Judge